# EXHIBIT A

Summons, Complaint & IAFD

Electronically Issued
11/26/2020 8:39 AM

SUMM

## DISTRICT COURT

## CLARK COUNTY, NEVADA

BAILEY EARL, )
)
                      Plaintiff, )
vs. ) Case No.: A-20-825318-C
)
SPILIADIS MANAGEMENT LTD., a Nevada ) Dept. No.  II
Corporation; MANAGED BUSINESS )
SERVICES, INC., a Nevada Corporation; ) **SUMMONS**
DOES I-X; and, ROE Business Entities I-X, )
)
)
                      Defendants. )

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

### MANAGED BUSINESS SERVICES, INC., a Nevada Corporation;

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
   (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Submitted by:

    /s/ James P. Kemp
JAMES P. KEMP, ESQ.
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
(702) 258-1183
Attorney for Plaintiff

CLERK OF COURT

By:_____  11/30/2020
          Deputy Clerk          Date

Demond Palmer

    NOTE: When service is by publication, add a brief statement of the object of the action.
        See Rules of Civil Procedure 4(b).

0002

Electronically Filed
11/23/2020 9:11 PM
Steven D. Grierson
CLERK OF THE COURT

JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110,
Las Vegas, NV 89130
(702) 258-1183/(702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff BAILEY EARL

CASE NO: A-20-825318-C
Department 2

DISTRICT COURT
CLARK COUNTY NEVADA
* * *

BAILEY EARL,

Plaintiff,

vs.

SPILIADIS MANAGEMENT LTD. a Nevada Corporation; MANAGED BUSINESS SERVICES, INC., a Nevada Corporation; DOES I-X; and, ROE Business Entities I-X,

Defendants.

Case No.:

Department No.:

**COMPLAINT**

JURY TRIAL DEMANDED

**Arbitration Exemption: action seeking equitable or extraordinary relief.**

COMES NOW THE PLAINTIFF, by and through his counsel, JAMES P. KEMP, ESQ., of KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the Defendant(s) as follows:

**JURISDICTION**

1. This is a civil action for damages brought by BAILEY EARL against her former employer to redress discrimination and/or retaliation under state and federal anti-discrimination statutes under NRS 613.330 et seq., and Title VII of the 1964 Civil Rights Act, as amended by the 1991 Civil Rights Act, 42 U.S.C. § 2000e to include discrimination and retaliation based on sex and race and protected activities related to sex and race.

2. The events complained of herein took place in Clark County, Nevada.

3.   Plaintiff timely filed a dual charge with the Nevada Equal Rights Commission (NERC) and the Equal Employment Opportunity Commission (EEOC), Charge No. 487-2020-01261 on or about June 11, 2020, alleging race and sex discrimination and retaliation in violation of Nevada and Federal law. This dual filing was made pursuant to the law and the then-active Work Sharing Agreement between EEOC and NERC.

4.   On August 24, 2020, the EEOC issued Plaintiff a "Notice of Right to Sue." Plaintiff is timely filing this civil action within the requisite 90 days of his receipt of that Notice. Plaintiff received the notice in the mail on or about August 27, 2020.

5.   Plaintiff has fully complied with all prerequisites under Title VII and Nevada state statutes to pursue these claims in this court.

## PARTIES

6.   BAILEY EARL (herein "Plaintiff"), is a white, Caucasian female and at all times complained of herein was a resident of the County of Clark, Nevada.

7.   Defendant, SPILIADIS MANAGEMENT LTD. ("Defendant Spiliadis") is a domestic Nevada Corporation duly formed and authorized to conduct business under the laws of the state of Nevada. It had at all times mentioned herein, and/or continues to have, continuous and ongoing business operations in the state of Nevada and Clark County and engages in an industry affecting commerce. It does business as a restaurant called ESTIATORIO MILOS LAS VEGAS. It is affiliated with several other entities having common ownership and management control by COSTAS SPILIADIS and GEORGE SPILIADIS at other locations in New York, Miami, Montreal, Athens, and London, and possibly others. Taking into account all of its jointly owned and affiliated entities and business operations Defendant Spiliadis, upon information and belief, has in excess of 500 employees.

0004

8. Defendant, MANAGED BUSINESS SERVICES, INC., ("Defendant MangagedPay") is a domestic Nevada Corporation duly formed and authorized to conduct business under the laws of the state of Nevada. It had at all times mentioned herein, and/or continues to have, continuous and ongoing business operations in the state of Nevada and Clark County and engages in an industry affecting commerce. It does business as a "professional employer organization" under the alias or trade name of MANAGEDPAY. Upon information and belief it has in excess of 500 employees.

9. Defendant Spiliadis and Defendant ManagedPay were joint employers of Plaintiff specifically holding themselves out in the employee handbook wherein it states, "We hope you will enjoy working in this new and exciting co-employment relationship where duties and responsibilities are allocated between ManagedPay and Milos Las Vegas...." Both of these Defendants are jointly and severally liable for the violations of law set forth herein. The two of them will be collectively referred to as "Defendants" herein and the term "Defendants" shall mean the two collectively or one or the other independently should the context of the allegations require that construction.

10. Defendants can only operate by and through its employees whether those persons are designated as owners, agents, managers, supervisors, or employees.

11. Plaintiff is unaware of the true names and capacities whether individuals, corporations, associates, or otherwise of Defendants DOE INDIVIDUALS I through X and ROE BUSINESS ENTITIES I through X, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that the Defendants, and each of them, are in some manner responsible and liable for the acts and damages alleged in this Complaint. Plaintiff will seek leave of this Court to amend this Complaint to allege the true names and capacities of the DOE INDIVIDUAL and ROE CORPORATION Defendants when the true names of the DOE INDIVIDUAL and ROE CORPORATION Defendants are ascertained.

## ALLEGATIONS COMMON TO ALL CLAIMS

12. Plaintiff was employed by Defendants from approximately September 15, 2016 through January 8, 2020 initially as a Host, but later on January 25, 2018 became a food server, and finally about October 19, 2018 became a Maitre D.

13. Plaintiff was good at her job and enjoyed her work very much up until the time that the Defendants engaged in the illegal discrimination and retaliation set forth herein.

14. Plaintiff performed her job at a level that met or exceeded the reasonable expectations of the Defendants.

15. The Defendants discriminated against Plaintiff due to her race, white because she was in a romantic relationship with a black African-American man. Plaintiff was subjected to different and unequal terms and conditions of employment, harassed, and discharged.

16. Additionally, Plaintiff was subjected to harassment based on sex by a male co-worker named Wael Kadi who continuously throughout the time that Plaintiff was a Maitre D took steps to undermine Plaintiff with her co-workers, acted in a concerted and conspiratorial manner to undermine her with the ownership and management of Defendants, and ultimately in a classic "cat's paw" fashion orchestrated Plaintiff's termination from the restaurant because Plaintiff was a woman in the job of Maitre D and Mr. Kadi could not abide that due to his personal prejudice and bias against women.

17. Plaintiff complained to management many times about the continual nearly daily discriminatory harassment based on sex that was being visited upon her by Wael Kadi and other men in the workplace.

18. Kadi and other male employees often made comments and used non-verbal communication to indicate that they did not think that Plaintiff, a white woman, should be in a romantic relationship

with a black man as Plaintiff was during her entire period of employment with Defendants. Accordingly the Defendants permitted and engaged in harassment and discrimination due to both Plaintiff's sex and race.

19. Defendants discrimination and harassment was based on Plaintiff being a woman, and being a white woman in a romantic relationship with a black man. This is a situation that federal court cases have termed "Sex Plus Discrimination."

20. The Defendants retaliated against Plaintiff for her engaging in protected activities under NRS Chapter 613, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. These protected activities included, but were not limited to, Plaintiff complaining to Defendant's managers in Defendants' organization that she was being discriminated against and harassed by her male co-workers, particularly Wael Kadi. This was done by managers as well as co-workers. The retaliation took several forms, principally Plaintiff was terminated from her employment.

21. Wael Kadi engaged in conduct that had as its purpose or effect unreasonably interfering with the work performance of Plaintiff or creating an intimidating, hostile, or offensive working environment for Plaintiff. Kadi's actions were objectively offensive and subjectively offensive to Plaintiff. As mentioned Plaintiff complained about the treatment she received to management more than once and nothing was done in the form of prompt remedial action to stop Kadi's actions.

22. When her black boyfriend was hired in November 2016, a few months after Plaintiff was hired, then current management knew that he and Plaintiff were in a romantic relationship. When Plaintiff was hired, in September 2016 before her boyfriend was hired, then current management knew that she and her boyfriend were in a romantic relationship. Plaintiff and her boyfriend listed each other as their respective emergency contacts on their Personal Information sheets provided to Defendants informing the Defendants clearly that they were in a personal romantic relationship with

each other.

23. At no time was Plaintiff her boyfriend's supervisor or manager.

24. At no time was Plaintiff's boyfriend her supervisor or manager.

25. Despite multiple requests Defendants never provided a job description for Plaintiff's job stating that she was a supervisor, let alone her boyfriend's supervisor.

26. Defendants and Plaintiff's coworkers accused his Plaintiff of showing favoritism to her boyfriend, such as in scheduling, but this was false and malicious because Plaintiff was in no position to do so as it was the managers who prepared and issued the schedules and Plaintiff was not her boyfriend's supervisor.

27. Plaintiff was never in trouble, never issued any discipline, and never involved in any disputes or altercations at work while employed by Defendants. Plaintiff did not violate any of Defendants' policies with respect to

28. Several employees not in Plaintiff's boyfriend's protected class were in close, familial or romantic, relationships with their co-workers and/or superiors, including husbands and wives, and none of them were fired for being in those well-known relationships. Plaintiff and her black African-American boyfriend were fired for the exact same conduct that those not in his protected class were not fired for: being in a "romantic relationship" with a co-worker, not even his supervisor or a manager. To put it more bluntly, Defendants permitted non-interracial couples to work at the restaurant but not Plaintiff and her boyfriend who were in an interracial romantic relationship. Both of them got fired with Defendants stating expressly that their relationship was the reason for the termination, even though Plaintiff alleges that there was more to it than just that. This is what federal cases term "Associational Discrimination" or "Discrimination by Association."

29. This Complaint makes claims that are pled in the alternative as permitted by FRCP Rule 8.

30. One male co-worker Wael Kadi constantly harasses women in the workplace and bullies them, Plaintiff included and Defendants are well aware of it yet permitted him to continue to be employed by them. Wael Kadi's harassment and retaliation includes being a ringleader who pushed for Plaintiff's termination, and that of Plaintiff's boyfriend, in a classic "cat's paw" scenario. Discrimination on the basis of race and sex is what drove Wael Kadi to push for Plaintiff's termination.

31. Defendants failed to adequately investigate the circumstances before firing Plaintiff. For example Defendants fired Plaintiff without ever interviewing Plaintiff or adequately permitting her to give her side of the story.

32. Defendants fired Plaintiff and her boyfriend without ever notifying them of any alleged complaints or issues with their personal relationship such that any perceived issues could have been dealt with even if it meant that one or the other of them would leave the restaurant, illegal as that requirement may have been.

33. Plaintiff was fired on or about January 8, 2020.

34. The reasons given for Plaintiff's discharge were false and pretextual. The real reasons were discrimination based on sex and race and retaliation for Plaintiff's protected activity of opposing illegal race and sex discrimination and harassment by Defendants and their employees, managers, and supervisors.

## FIRST CAUSE OF ACTION
## DISCRIMINATION BASED ON
## RACE IN VIOLATION OF FEDERAL AND STATE LAW

35. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

36. Plaintiff is closely associated with a member of the class of persons protected by federal

and state statutes prohibiting discrimination based on race specifically her black African-American boyfriend. Plaintiff was properly performing all her job duties consistent with the employer's reasonable expectations.

37. Defendants, as employers, are subject to the federal statute prohibiting discrimination, Title VII, 42 U.S.C. § 2000e *et seq.* as amended, and the Nevada state statute prohibiting race discrimination, N.R.S. 613.310 *et seq.*, and thus have a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination. They failed to do so.

38. Plaintiff was treated differently because of her association with her black African-American boyfriend. Examples of this differing treatment, as more fully detailed above, include, but are not limited to, being subjected to harassing and discriminatory comments and being terminated from her employment when similarly situated employees who were not in interracial romantic relationships were not harassed and terminated.

39. The aforementioned actions also give rise to an illegal hostile environment based on Plaintiff's close association with her black African-American boyfriend. That hostile environment arose out of the cumulative effects of events occurring in an ongoing and continuous action between November 16, 2016 and January 8, 2020, which created an illegally hostile environment within the limitation period under Title VII and the Nevada Statute and for which Plaintiff dual-filed a Charge with the NERC and EEOC on or about May 2020.

40. Plaintiff perceived her working environment to be abusive or hostile as would a reasonable person in Plaintiff's circumstances. The hostile work environment was severe or pervasive and altered the terms and conditions of Plaintiff's employment.

41. This illegal and hostile environment made it more difficult for Plaintiff to do her job, affected her work performance, her work-place well-being, and her mental state.

42. Defendants had actual and constructive knowledge of the intolerable conditions and discrimination to which Plaintiff was subjected, but chose not to remedy the situation. Indeed Defendants, by and through their managers took part in the unlawful discrimination and harassment.

43. These actions constitute violations of federal law prohibiting race discrimination, Title VII, 42 U.S.C. § 2000e *et seq.* as amended, and Nevada state law, N.R.S. 613.310 *et seq.*

44. Plaintiff has suffered economic loss as a result of this illegal race discrimination and is entitled to recover an amount sufficient to make her whole.

45. The Plaintiff suffered the tangible adverse employment action of termination from employment.

46. Plaintiff is entitled to reinstatement, back pay, front pay in lieu of reinstatement, and any other monetary and equitable remedies contemplated by state and federal anti-discrimination laws.

47. Plaintiff has suffered emotional distress, humiliation, and mental anguish and is entitled to be compensated for those inflictions under the aforementioned federal statute.

48. Plaintiff is entitled to punitive damages under federal law in an amount sufficient to punish Defendants and to deter them from engaging in these actions.

49. As a result of Defendants' acts described in this Complaint, Plaintiff has been forced to engage the services of an attorney and expend costs to pursue and protect her rights under the law.

50. Defendants have acted with malice, fraud or oppression and a conscious disregard of Plaintiff's rights.

## SECOND CAUSE OF ACTION
## DISCRIMINATION BASED ON
## SEX IN VIOLATION OF FEDERAL AND STATE LAW

51. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

9

52. Plaintiff is a member of the class of persons protected by federal and state statutes prohibiting discrimination based on sex specifically female. Plaintiff was properly performing all her job duties consistent with the employer's reasonable expectations.

53. Defendants, as employers, are subject to the federal statute prohibiting discrimination, Title VII, 42 U.S.C. § 2000e et seq. as amended, and the Nevada state statute prohibiting sex discrimination, N.R.S. 613.310 et seq., and thus have a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination. They failed to do so.

54. Plaintiff was treated differently because of her sex, female. Examples of this differing treatment, as more fully detailed above, include, but are not limited to, being subjected to termination for being in a romantic relationship with a co-worker when male employees of Defendants were not terminated for precisely the same conduct. This resulted in a discriminatory application of a policy when Plaintiff in fact did not even violate the policy to begin with. Similarly situated employees not in her protected class were treated more favorably than Plaintiff in the compensation, terms, conditions or privileges of employment, because of her race or sex.

55. The aforementioned actions also give rise to an illegal hostile environment based on Plaintiff's sex, female. That hostile environment arose out of the cumulative effects of events occurring between November 16, 2016 and January 8, 2020, which created an illegally hostile environment within the limitation period under Title VII and the Nevada Statute and for which Plaintiff dual-filed a sworn Charge with the NERC and EEOC on or about May 2020.

56. Plaintiff perceived her working environment to be abusive or hostile as would a reasonable person in Plaintiff's circumstances. The hostile work environment was severe or pervasive and altered the terms and conditions of Plaintiff's employment.

57. This illegal and hostile environment made it more difficult for Plaintiff to do her job,

affected her work performance, her work-place well-being, and her mental state.

58. The actions of Defendants complained of herein, both as to sex and race, were objectively offensive to a reasonable person in Plaintiff's position and were subjectively offensive to Plaintiff.

59. Defendants had actual and constructive knowledge of the intolerable conditions and discrimination to which Plaintiff was subjected, but chose not to remedy the situation.

60. These actions constitute violations of federal law prohibiting sex discrimination, Title VII, 42 U.S.C. § 2000e et seq. as amended, and Nevada state law, N.R.S. 613.310 et seq.

61. Plaintiff has suffered economic loss as a result of this illegal sex discrimination and is entitled to recover an amount sufficient to make her whole.

62. The Plaintiff suffered the tangible adverse employment action of termination from employment.

63. Plaintiff is entitled to reinstatement, back pay, front pay in lieu of reinstatement, and any other monetary and equitable remedies contemplated by state and federal anti-discrimination laws.

64. Plaintiff has suffered emotional distress, humiliation, and mental anguish and is entitled to be compensated for those inflictions under the aforementioned federal statute.

65. Plaintiff is entitled to punitive damages under federal law in an amount sufficient to punish Defendants and to deter them from engaging in these actions.

66. As a result of Defendants' acts described in this Complaint, Plaintiff has been forced to engage the services of an attorney and expend costs to pursue and protect her rights under the law.

67. Defendants have acted with malice, fraud or oppression and a conscious disregard of Plaintiff's rights under the law.

///

///

## THIRD CAUSE OF ACTION:
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED AND/OR NRS 613.340

68. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

69. Plaintiff was retaliated against after she opposed and complained about the discriminatory treatment he received in Defendants' workplace.

70. Plaintiff suffered one or more adverse job consequences intentionally imposed by Defendant, as detailed above. These consequences were of the type that would tend to discourage similarly situated employees from complaining about or opposing illegal discrimination.

71. Plaintiff's employment was terminated by Defendants when she was discharged due to discrimination based on race and/or sex and retaliation for Plaintiff having opposed and complained about the discriminatory and illegal treatment.

72. Defendants' discriminatory and retaliatory treatment of the Plaintiff in his employment was in violation of 42 U.S.C. § 2000e et seq. and/or NRS 613.340.

73. Plaintiff suffered mental anguish, humiliation and emotional distress as a direct and proximate result of Defendants' actions.

74. Plaintiff has suffered and will suffer lost wages and benefits of employment as a direct and proximate result of the actions of the Defendants.

75. The actions of Defendants were willful, malicious, oppressive, and calculated to discourage Plaintiff and other of Defendants' employees from pursuing their rights under Federal and/or Nevada law. Defendants should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

76. As a result of Defendants' actions, Plaintiff has been required to hire an attorney and

expend fees and costs to pursue and protect his legal rights through this action and is, therefore, entitled to recover his reasonable attorney fees and costs in an amount to be determined.

77. The aforementioned state and federal statutes prohibiting discrimination also separately prohibits employers from retaliating against any individual engaging in protected activity which includes reporting, complaining about, or raising concerns, and opposing possible discrimination or acts which might constitute discrimination.

78. Defendants' subjected Plaintiff to retaliation after, and as a result of, her engaging in protected activity as more fully detailed herein. Plaintiff's protected activities include: 1) reporting, complaining and opposing the illegal actions of her co-worker, supervisors, and/or managers; and, 2) the continual communication with Defendants regarding the illegal actions and discrimination.

79. The actions and conduct by Defendants would deter Plaintiff and others from reporting, complaining, opposing or otherwise engaging in protected conduct, thus constituting illegal retaliation because Title VII has been held to prohibit employer's actions which "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern Co. v. White*, 548 U.S. 53 (2006).

80. Defendants failed to take reasonable actions to prevent retaliation against Plaintiff. To Plaintiff's knowledge and perception, after she complained and otherwise engaged in protected activities, no preventive or remedial actions were taken to prevent retaliation.

81. The aforementioned action and conduct of Defendants constitutes illegal retaliation prohibited under federal law.

82. As a direct and proximate cause of Defendants' wrongful conduct and illegal discrimination in the form of retaliation, Plaintiff has been harmed, economically and emotionally, and is, therefore, entitled to be fully compensated.

83. Plaintiff is entitled to punitive damages under federal and/or state law in an amount sufficient to punish Defendants and to deter them from engaging in these actions involving a conscious disregard of Plaintiff's rights under the law and/or malice, fraud, or oppression.

84. As a result of Defendants' acts described in this Complaint, Plaintiff has been forced to engage the services of an attorney and expend costs to pursue and protect her rights under the law.

**WHEREFORE**, Plaintiff expressly reserves the right to amend his Complaint at or before the time of trial of the action herein to include all items of damages not yet ascertained, and demands judgment against the Defendants, upon each of them, as follows:

A. All applicable monetary relief provided for under Federal law, common law and Nevada state law including, but not limited, to the following:

1. Money damages in excess of $15,000.00;
2. Economic damages including, but not limited to, lost wages or income and benefits of employment, incidental and consequential damages;
3. Equitable and extraordinary relief in the form of an order reinstating Plaintiff to his position/shift in accordance with NRS, Title VII and/or other applicable law, or front pay in lieu of reinstatement;
4. General damages including emotional distress and general economic harm;
5. Nominal damages if appropriate;
6. Punitive and/or Exemplary damages to deter the Defendants from future malicious, fraudulent, willfully illegal, malicious, fraudulent, and/or oppressive conduct of a similar nature;

7. Pre-judgment and post-judgment interest on the amounts awarded at the prevailing legal rate;

8. For an additional amount to account for any taxes Plaintiff may be called upon to pay in relation to any award made herein;

9. Reasonable attorney fees, reasonable expert witness fees, and other costs of the action pursuant to federal and state statute, agreement, or court rule; and

B. A trial by jury on all issues that may be tried to a jury; and/or

C. For such other and further relief as the Court may deem just and proper.

DATED November 23, 2020

/s/ James P. Kemp
JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
KEMP & KEMP
7435 W. Azure Drive, Ste 110
Las Vegas, NV  89130
702-258-1183 ph./702-258-6983 fax

*Attorneys for Plaintiff*

15

0017

Electronically Filed
11/23/2020 9:11 PM
Steven D. Grierson
CLERK OF THE COURT

JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183/(702) 258-6983
jp@kemp-attorneys.com
Attorney for Plaintiff

CASE NO: A-20-825318-C
Department 2

DISTRICT COURT
CLARK COUNTY, NEVADA

BAILEY EARL,                                         )
                                                     )  Case No.:
                          Plaintiff,                 )
vs.                                                  )  Dept. No.
                                                     )
SPILIADIS MANAGEMENT LTD. a Nevada                   )
Corporation; MANAGED BUSINESS                        )
SERVICES, INC., a Nevada Corporation;                )  **INITIAL FEE DISCLOSURE**
DOES I-X; and, ROE Business Entities I-X,            )
                          Defendants                 )
                                                     )
_____                )

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above entitled action as indicated below:

  BAILEY EARL, Plaintiff    $270.00
  TOTAL REMITTED:     $270.00

Plaintiff demands a jury trial.

  DATED November 23, 2020

            /s/James P. Kemp
           JAMES P. KEMP, ESQ.
           Nevada Bar No. 006375
           Attorney for Plaintiff